

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**F I L E D BY**

JUL 1 4 2005

Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Jackson

MARK WALKER,

    Plaintiff,

VS.

    No. 05-1124-T/An

CORRECTIONS CORPORATION OF
AMERICA, ET AL.,

    Defendants.

---

ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Mark Walker, Tennessee Department of Correction ("TDOC") prisoner number 292656, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 28, 2005, along with a motion seeking appointment of counsel. The Clerk shall record the defendants as the Corrections Corporation of America ("CCA"); John Tighe, vice president in charge of CCA's Health Service Division; HCCF Mailroom Clerk Kathy Watson; HCCF Mailroom Supervisor Jammie Burchette; HCCF Property Room Clerk Margret Moore; Jerry Rogers, an optometrist under contract with CCA to provide inmates with eye care services;

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 7|18|05

4

HCCF Health Service Administrator/Registered Nurse Robbie Saxton; and HCCF Warden Glen Turner.

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[1] The *in forma pauperis* statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall

---

[1]   Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

2

immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

3

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.  The Clerk is further ORDERED to forward a copy of this order to the warden of the HCCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.  However, the Clerk shall not issue process or serve any other papers in this case.

II.   Analysis of Plaintiff's Claims

The complaint asserts a number of unrelated claims concerning the plaintiff's treatment at the HCCF.  First, plaintiff alleges that he has been prescribed medication for glaucoma.  He allegedly wrote an information request to defendant Saxton on February 4, 2004 advising her that he needed a refill on February 7, 2004.  Despite numerous requests, the plaintiff did not receive his medication until March 11, 2004.  Moreover, the complaint alleges that Saxton retaliated against the plaintiff by directing a Nurse Crawford, who is not a party to this action, to charge plaintiff with the disciplinary infraction of being out of place.

Second, the complaint alleges that, on March 30, 2004, plaintiff was at the infirmary to consult with Dr. Cole, who is not a party to this action, when he noticed in his medical file a letter addressed to him and dated March 9, 2004, from a Dr. Russell S. Lents. Dr. Cole was unable to explain how that letter, which the plaintiff had apparently not previously seen, got into his file.  Plaintiff thereafter went to the mailroom to speak to defendant Watson, who explained that the letter had been forwarded to the business office under the assumption that it was a bill.  Plaintiff asked for a copy of the letter and, after consulting with the Health

Administrator, James Boyette, who is not a party to this action, Watson informed the plaintiff that CCA policy prohibited inmates from communicating with persons who are under contract to a facility.

Third, on April 16, 2004, plaintiff was given a pass to report to the property room to pick up a box of crafts supplies he had received from Nasco Arts and Crafts Co. Defendant Moore told the plaintiff he would not be permitted to receive three items, a package of fabric design craft paper, a package of animal-print tissue paper, and a package containing large sheets of animal-print tissue paper. Plaintiff allegedly pointed out that these items had been preapproved and other inmates were allowed to have similar items. Defendant Moore allegedly asked the plaintiff whether the other inmates were white or black, and she allegedly stated that black inmates are always writing complaints and causing problems and she wished a black clerk would have dealt with the plaintiff. Plaintiff signed a document authorizing the withheld items to be placed in storage for thirty days and, shortly thereafter, he spoke to the property room supervisor, Mrs. Wilson, who is not a party to this action. Mrs. Wilson advised him that he could not have the items in question because they were not on the approved property list. Plaintiff filed a grievance, but his property was disposed of before the grievance was resolved. On August 2, 2004, defendant Moore allegedly allowed a white inmate to have items he was not permitted to receive.

Fourth, plaintiff had previously been prescribed eyeglasses, which he lost. He had an appointment to see defendant Rogers on June 24, 2004, in order to obtain a replacement

pair of eyeglasses. Because plaintiff would not sign a form stating that the eyeglasses are the property of the TDOC until his release and acknowledging that he could be subject to discipline for willful or negligent loss, destruction, or damage, defendants Rogers, Saxton, and Turner would not allow him to have the eyeglasses. Plaintiff received his eyeglasses on July 22, 2004. He alleges he was not required to sign the form. The plaintiff seeks compensatory and punitive damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), if it contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

With respect to his first claim, plaintiff filed a grievance (Grievance No. 11124/156556) against defendant Saxton on or about March 11, 2004 asserting that his medication was not promptly ordered. The grievance committee apparently found in favor of the plaintiff on March 24, 2004. On March 30, 2004, the warden disagreed with the proposed response on the ground that the plaintiff had been instructed as to the proper procedure for obtaining refills but did not follow it. Plaintiff appealed to the TDOC, which

concurred with the warden on April 20, 2004. Accordingly, the plaintiff has exhausted his claim against defendant Saxton concerning the failure to timely reorder his medication.

With respect to the plaintiff's claim that defendant Saxton retaliated against him by causing a disciplinary write-up to be issued, plaintiff has attached copies of defendant Saxton's incident statement, dated February 24, 2004, as well as what appears to be an unrelated contact note concerning an altercation plaintiff had with Saxton on an unrelated subject on March 10, 2004. These documents are insufficient to satisfy the plaintiff's burden of demonstrating that he exhausted his administrative remedies with respect to his retaliation claim against defendant Saxton.

With respect to his second claim, plaintiff filed a grievance (Grievance No. 11357/158248) on or about April 26, 2004 concerning the diversion of the letter from Dr. Lents. The grievance mentions defendant Watson. After a hearing on May 6, 2004, the grievance committee issued its decision that, although no policy was violated, mailroom staff should have notified the plaintiff that medical mail had been received and was being forwarded to the medical department for filing. On May 10, 2004, the warden disagreed with the committee's proposed response and, instead, agreed with the supervisor's response, which stated that, pursuant to policy, the letter was forwarded to the medical department to be placed in the inmate's file. Plaintiff appealed and, on May 26, 2004, the TDOC concurred with the grievance committee. Accordingly, plaintiff has exhausted a claim against defendant Watson for failure to deliver his medical letter.

The plaintiff has also attached documents concerning a grievance he filed on or about June 11, 2004 (Grievance No. 11587/159783) against, *inter alia*, defendants Turner and Burchette concerning the letter from Dr. Lents. The matter was deemed nongrievable because plaintiff had previously filed a grievance on the matter. Plaintiff appealed the matter all the way to the TDOC, which found it to be an abuse of the grievance process on July 27, 2004. It appears, therefore, that the plaintiff has also exhausted his claims against defendants Turner and Burchette concerning the letter from Dr. Lents. Cf. Thomas v. Woolum, 337 F.3d 720, 723 (6th Cir. 2003) (inmate complied with § 1997e(a) even though prison officials did not consider grievance on the merits because it was untimely).

With respect to his third claim, plaintiff filed a grievance (Grievance No. 11456/158880) on or about May 13, 2004 against defendant Moore concerning her alleged racial discrimination in connection with the crafts supplies. After a hearing on May 27, 2004, the grievance committee concurred with the supervisor's response, which asserted that the items were not on the approved property list. The committee also noted that the plaintiff was afforded the opportunity to have the items mailed out, which suggests that the grievance committee considered the fact that the items were apparently discarded. The warden concurred with the committee on June 2, 2004, and the TDOC concurred on June 16, 2004. Accordingly, the plaintiff has exhausted his claim against defendant Moore concerning the allegedly racially motivated denial of the crafts supplies.[2]

---

[2] These decisions preceded the alleged incident on August 2, 2004 in which defendant Moore allowed a white inmate to receive items plaintiff had been denied. However, that incident did not involve the plaintiff and is

With respect to his fourth claim, plaintiff filed a grievance (Grievance No. 11842/161911) on or about August 18, 2004 against defendants Rogers and Saxton concerning the failure to provide him his eyeglasses without a signature on the form. After a hearing on September 1, 2004, the grievance committee concurred with the supervisor's proposed response, which noted that the completed form was required by the TDOC. The warden concurred with the committee on September 9, 2004, and the TDOC concurred on October 7, 2004. Accordingly, the plaintiff has exhausted this claim with respect to defendants Rogers and Saxton.

In addition to his failure to exhaust his retaliation claim against defendant Saxton, plaintiff also has not exhausted his claims against defendant Tighe, as required. Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas, 337 F.3d at 733-34; and Curry, 249 F.3d at 504.[3]

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of

---

only evidentiary support for plaintiff's exhausted claim. Therefore, the subsequent grievance plaintiff filed on or about October 7, 2004 (Grievance No. 12084/163504) against defendant Moore and a nonparty is irrelevant.

[3] Although the complaint also asserts that the plaintiff wrote to various prison officials, including defendant Turner, the Sixth Circuit has repeatedly held that an inmate must strictly follow the prison grievance procedures. Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Hewell v. Leroux, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison). Plaintiff's letters are not, therefore, a substitute for a formal inmate grievance.

administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d at 489.[4] Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. As a result, a case must be dismissed unless a prisoner has exhausted each of his claims with respect to every defendant named in each claim. Foushee v. Wiggins, No. 3:05CV7108, 2005 WL 1364613, at *3 (N.D. Ohio June 8, 2005). Accordingly, the Court DISMISSES the complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III.    Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir.

---

[4] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

1983).  The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[5]  In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA.  Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)-(b).

IT IS SO ORDERED this 14th day of July, 2005.


_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE


---

[5]  Effective November 1, 2003, the fee for docketing an appeal is $250.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in
 case 1:05-CV-01124 was distributed by fax, mail, or direct printing on
July 18, 2005 to the parties listed.

Mark Walker
HCCF
292656
P.O. Box 549
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT