IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARK WALKER,

    Plaintiff,

VS.                                                                       No. 05-1124-T/An

CORRECTIONS CORPORATION OF
AMERICA, ET AL.,

    Defendants.

---

ORDER DENYING MOTION FOR CONTINUANCE TO RESPOND
AND
ORDER TO FILE FINANCIAL DOCUMENTATION
OR PAY FULL APPELLATE FILING FEE

---

Plaintiff Mark Walker, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. On July 14, 2005, the Court dismissed the case without prejudice pursuant to 42 U.S.C. § 1997e(a). The order of dismissal certified that an appeal would not be taken in good faith. Judgment was entered on July 20, 2005.

On August 5, 2005, the United States Court of Appeals for the Sixth Circuit received a letter from the plaintiff in which he stated his intent to file an appeal. The Clerk of the Court of Appeals treated the letter as a notice of appeal and forwarded the document to the Clerk of this Court in accordance with Federal Rule of Appellate Procedure 4(d), which

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 8|18|05



provides that "[i]f a notice of appeal . . . is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted."

On August 8, 2005, this Court received and filed plaintiff's motion seeking a "continuance" to respond to the order of dismissal. In that motion, plaintiff asks for an extension of time in which to file an "objection, and reconsider motion, and motion to correct errors." Motions seeking relief from an order of dismissal and/or judgment are authorized only under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. No extensions of time may be granted under either of those rules. See Fed. R. Civ. P. 6(b) (district court "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them"). Therefore, plaintiff's motion for an extension of time is DENIED.

As indicated, the Sixth Circuit has treated the letter received from the plaintiff on August 5, 2005 as a notice of appeal. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), prisoners who file a civil appeal must pay the full appellate filing fee of $255. The prisoner may, however, be able to take advantage of the installment payment method of § 1915(b). See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.") In

2

addition, the United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not preclude an indigent prisoner plaintiff from using the installment procedures of § 1915(b) to pay the filing fee. McGore, 114 F.3d at 610-11.

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court an application to proceed *in forma pauperis* with Form 4 from the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit which contains the same detailed information found in Form 4. McGore, 114 F.3d at 610. The prisoner must also submit a certified prison trust account statement, showing all activity in his account for the past six months, and specifically showing: (1) the average monthly deposits and (2) the average monthly balance, for the six months immediately prior to the filing of the notice of appeal, and (3) the account balance when the notice of appeal was submitted.

In this case, plaintiff has not submitted an *in forma pauperis* affidavit or a prison trust fund account statement. Therefore, at the present time, plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable to the Court for the full $255 appellate filing fee, which accrued at the moment the notice of appeal was filed. Accordingly, plaintiff is hereby ORDERED to submit an *in forma pauperis* affidavit and a certified trust account statement, or submit the full $255 appellate filing fee, to the following address within 30 days after the entry of this order:

Clerk, United States District Court, Western District of Tennessee
262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN  38301

If plaintiff needs additional time to file the required documents, he may, within 30 days after the entry of this order, request an extension of time from this Court. McGore, 114 F.3d at 609. Any extension granted may not exceed an additional 30 days. Id.

If plaintiff fails to file the required documentation in a timely manner, the Court will assess the entire filing fee without regard to the installment payment procedures and will notify the Court of Appeals, who may dismiss the appeal for failure to prosecute under Fed. R. App. P. 3(a)(2). If dismissed under these circumstances, the appeal will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status. However, if plaintiff timely submits the proper documentation, and the Court finds that plaintiff is indeed indigent, then the Court will assess the filing fee in accordance with the installment procedures of § 1915(b).

The Clerk will provide the plaintiff a copy of the correct affidavit form with this order. The Clerk also is directed to mail a copy of this order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

*16 August 2005*
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 1:05-CV-01124 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

---

Mark Walker
HCCF
292656
P.O. Box 549
2520 Union Springs Rd.
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT