IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARK WALKER,

    Plaintiff,

VS.      No. 05-1124-T/An

CORRECTIONS CORPORATION OF
AMERICA, ET AL.,

    Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Mark Walker, a prisoner acting *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. On July 14, 2005 the Court dismissed the case without prejudice pursuant to 42 U.S.C. § 1997e(a). Judgment was entered on the docket on July 20, 2005.[1] On August 17, 2005, the Clerk received and filed a document styled as a response to the order of dismissal and a motion for reconsideration. The certificate of service on the motion is dated August 11, 2005.

In order to be timely, a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) must be filed within ten days after the entry of judgment. Plaintiff's motion was not filed within that ten-day period. Therefore, the Court will construe the

---

[1] On August 5, 2005, the Sixth Circuit Court of Appeals received a letter from the plaintiff in which he stated his intent to file an appeal. The Clerk of the Sixth Circuit treated the letter as a notice of appeal and forwarded the document to this Court for filing in accordance with Federal Rule of Appellate Procedure 4(d).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___8/22/05___

motion as seeking relief from judgment under Rule 60(b), which provides, in part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . ; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time . . . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . .

Walker asserts that the Court erroneously dismissed his entire complaint without prejudice under 42 U.S.C. § 1997e(a). This is a claim of legal error, which the Sixth Circuit considers a ground for relief under Rule 60(b)(1). Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir. 1983), *cited in* Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974, 770 F.2d 449, 451-52 (6th Cir. 1985); see also Jalapeno Prop. Mgmt., LLC v. Dukas, 265 F.3d 506, 515 n.1 (6th Cir. 2001); Jones v. Gundy, 100 F. Supp 2d 485, 487 (W.D. Mich. 2000).

In the order of dismissal, the Court determined that plaintiff's complaint contained both claims for which he had exhausted his administrative remedies and claims for which he had not sufficiently demonstrated exhaustion. Therefore, the complaint was dismissed pursuant to § 1997e(a). Plaintiff now argues that the Court should have allowed him to amend his complaint prior to dismissing it, and should have dismissed only the unexhausted claims while considering the exhausted claims on the merits.

As discussed in the order of dismissal, the Sixth Circuit held, in <u>Jones Bey v. Johnson</u>, 407 F.3d 801, 805-09 (6th Cir. 2005), that a district court must dismiss a prisoner's complaint <u>in its entirety</u> if it contains both exhausted and unexhausted claims, rather than attempting to sever the claims and dismissing only those that are unexhausted. In addition, it is the law in the Sixth Circuit that a prisoner may not amend his complaint to cure a failure to fully allege exhaustion. <u>See</u> <u>Baxter v. Rose</u>, 305 F.3d 486 (6th Cir. 2002). Thus, plaintiff's arguments are without merit.

Plaintiff has presented nothing to persuade the Court that he is entitled to relief from the judgment in this case. Therefore, the motion to reconsider is DENIED.

The Court once again CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that plaintiff's appeal is not taken in good faith.

IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

19 August 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 1:05-CV-01124 was distributed by fax, mail, or direct printing on August 22, 2005 to the parties listed.

---

Mark Walker
HCCF
292656
P.O. Box 549
2520 Union Springs Rd.
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT